IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY ) ) ) Plaintiff, ) ) v. ) ) J.C. LEWIS CONSTRUCTION LLC, ) JBAE HOLDINGS, LLC, E & A DESIGN ) BUILD LLC, JERRY C. LEWIS AND ) BRANDY LEWIS ) ) Defendants. ) | CIVIL ACTION NO. 9:24-cv-112 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, United States Fire Insurance Company (the "USFIC" or the "Surety"), files this Original Complaint against Defendants J.C. Lewis Construction LLC, JBAE Holdings, LLC, E & A Design Build, LLC, Jerry C. Lewis and Brandy Lewis (collectively "Defendants"), and respectfully states as follows:

**I.      PARTIES**

1.      Plaintiff United States Fire Insurance Company is a corporation organized under the laws of the State of Delaware with its principal place of business located in Morristown, New Jersey, which is the location from which USFIC's high-level officers direct, control, and coordinate USFIC's corporate activities. USFIC is duly qualified and authorized to transact business within the State of Texas. For purposes of diversity jurisdiction, USFIC is a citizen of New Jersey.

2.      Defendant J.C. Lewis Construction LLC ("J.C. Lewis") is a Texas limited liability company with its principal place of business in Center, Texas. Upon information and belief, J.C.

Lewis' sole member and president is Jerry C. Lewis. Jerry C. Lewis is a citizen of the State of Texas. As such, for purposes of diversity jurisdiction, J.C. Lewis is a citizen of Texas. J.C. Lewis may be served with process through its registered agent, United States Corporation Agents, Inc. at 10601 Clarence Dr., Suite 250, Frisco, Texas 75033.

3. Defendant JBAE Holdings, LLC ("JBAE") is a Texas limited liability company with its principal place of business in Center, Texas. Upon information and belief, JBAE's sole member, president and director is Jerry C. Lewis. Jerry C. Lewis is a citizen of the State of Texas. As such, for purposes of diversity jurisdiction, JBAE is a citizen of Texas. JBAE may be served with process through its registered agent, J.C. Lewis at 975 Southview Cir., Suite 202, Center, Texas 75935.

4. Defendant E & A Design Build, LLC ("E & A Design") is a Texas limited liability company with its principal place of business in Center, Texas. Upon information and belief, E & A Design's manager is Brandy Lewis and its director is J.C. Lewis. Brandy Lewis and J.C. Lewis are citizens of the State of Texas. As such, for purposes of diversity jurisdiction, E & A Design is a citizen of Texas. E & A Design may be served with process through its registered agent, J.C. Lewis at 975 Southview Cir., Suite 202, Center, Texas 75935.

5. Defendant Jerry C. Lewis is an individual residing in Texas and is therefore a citizen of Texas for the purpose of establishing subject matter jurisdiction based on diversity of citizenship. Mr. Lewis may be served with process at his last known address 1882 CR 3000, Joaquin, Texas 75954 or wherever he may be found.

6. Defendant Brandy Lewis is an individual residing in Texas and is therefore a citizen of Texas for the purpose of establishing subject matter jurisdiction based on diversity of

citizenship. Ms. Lewis may be served with process at her last known address 1882 CR 3000, Joaquin, Texas 75954 or wherever she may be found.

## II.   JURISDICTION AND VENUE

3. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and cost.

4. Because the Plaintiff, USFIC, is a citizen of New Jersey for diversity purposes, and Defendants are all citizens of Texas for diversity purposes, complete diversity exists, and this Court has diversity jurisdiction over this matter.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) in that some of the Defendants either reside or maintain a principal place of business in this district in the State of Texas.

## III.   FACTUAL ALLEGATIONS

**A.   The Indemnity Agreement**

6. To induce USFIC to issue the Bonds (as hereinafter defined), on or about March 30, 2020, JC Lewis, JBAE, E & A Design, Jerry C. Lewis, and Brandy Lewis (collectively referred to as the "Indemnitors") each executed a General Agreement of Indemnity, the purpose of which was to induce the USFIC to furnish bonds on behalf of LC Lewis and a promise to protect and completely indemnify USFIC from any loss or expense it may incur arising from or related to the issuance of any such Bonds. A true and correct copy of the March 30, 2020, General Agreement of Indemnity (the "Indemnity Agreement"), is attached hereto as ***Exhibit "A"*** and fully incorporated herein for all purposes.

7. Under the express terms of the Indemnity Agreement, the Indemnitors, jointly and severally, promised to exonerate, indemnify, and keep USFIC indemnified from and against all loss irrespective of whether USFIC has made any payment under any of its Bonds or whether the Indemnitors may have assumed, or offered to assume the defense of USFIC upon any claim. Specifically, pursuant to the Indemnity Agreement, the Indemnitors agreed as follows:

> USFIC shall be entitled to immediate reimbursement for any and all Loss incurred by it in good faith and under the belief that it was liable for the sums and amounts so disbursed or that was necessary or expedient to make such payments, whether or not such liability, necessity or expediency existed. . . Indemnitors shall pay to USFIC interest on all disbursements made by company at the maximum rate permitted by law calculated from the date of each such disbursement.

(***Exhibit "A"***, p. 2).

8. Under the express terms of the Indemnity Agreement, the categories of loss ("Loss") is broadly and generally defined as including, *inter alia*, as:

> All demands, liabilities, losses, costs, damages and expenses of any kind or nature, including legal fees and expenses, court costs, technical, engineering, accounting, consultant, expert witness and/or other professional fees and expenses, including the cost of in-house professionals, which USFIC incurs, or to which it may be exposed, in connection with any Bond or this Agreement, including but not limited to all loss and expense incurred by reason of: (i) USFIC's having executed any Bond or any other instrument of any Modification thereof; (ii) any investigation by USFIC in connection with any Bond or Contract; (iii) USFIC's prosecuting or defending any action in connection with any Bond; (iv) USFIC's obtaining or attempting to obtain the release of any Bond; (v) USFIC's recovering or attempting to Property (as hereinafter defined) in connection with any Bond or Agreement; (vi) Indemnitor's failure to perform or comply with any promise, covenant, or condition of this Agreement; (vii) USFIC's enforcing by litigation or otherwise any of the provisions of this Agreement; and (viii) all interest accruing thereon at the maximum legal rate. Loss shall also include any and all amounts sufficient to discharge any Claim made against USFIC on any Bond and shall further

include any premiums due on any Bond issued on behalf of the Principal.

(***Exhibit "A"***, p. 2).

9. To the extent that USFIC incurs any Loss irrespective of whether USFIC has made any payment under any of its Bonds, the Indemnitors further agreed that "[a]n itemized sworn statement of Loss by an employee of USFIC, or any other evidence of payment, shall be *prima facie* evidence of the propriety, amount and existence of Indemnitors' liability to USFIC, and of USFIC's good faith in making the payment(s). (***Exhibit "A"***, p. 2).

10. Further, by execution of the Indemnity Agreement in favor of USFIC, the Indemnitors promised and obligated themselves to fully collateralize USFIC, upon demand, if losses were either incurred or anticipated by USFIC in connection with issuing bonds.

> The Indemnitors will, on request of USFIC, promptly procure the full and complete discharge USFIC from any and all Bond specified in such request and all potential liability by reasons of such Bonds. If such full and complete discharge is unattainable, the Indemnitors shall, if requested by USFIC, within five (5) business days, or such time as is otherwise agreed between USFIC and in the Indemnitors, deposit with USFIC a sum of money, as collateral security, in an amount USFIC, in its sole discretion, deems necessary at the time of said demand to protect USFIC from actual or anticipated loss. Demand may be made as soon as: (i) the assertion of any Claim against USFIC, or (ii) USFIC determines that liability exists under any Bond; or (iii) USFIC has a reasonable basis to believe that it may incur or sustain liability or Loss; or (iv) any diversion of funds related to any Contract by any Indemnitor in violation of this Agreement or applicable law; or (v) USFIC deems itself insecure, whether or not Company has made any payment or established any reserve and whether or not it has received notice of, accepted or denied any Claim in whole or in part. . . The Indemnitors acknowledge and agree that their failure to immediately deposit with USFIC any sums demanded under this section shall cause irreparable harm to USFIC for which it has no adequate remedy at law.

(***Exhibit "A"***, p. 3) (Emphasis added).

11. The Indemnitors further promised and agreed that "Indemnitors shall have a continuing obligation to provide current financial information to USFIC until such time as all obligation of the Indemnitors hereunder have been discharged. USFIC, at any time, shall have continuous and uninterrupted access to the books, records, accounts and non-consumer and consumer credit reports of the Indemnitors and to all matters and information concerning any Bond(s) or instrument(s) executed by USFIC and the financial condition, credit worthiness and assets of any Indemnitor until the liability of USFIC under each and every Bond or other instrument executed by it and each and every obligation if the Indemnitors under this Agreement is terminated and discharged to satisfaction of USFIC." (***Exhibit "A"***, p. 4).

**B.     USFIC's Incurred Loss and Anticipated Loss**

12. In reliance upon its rights under the Indemnity Agreement, USFIC issued one payment bond and one performance bond on behalf of JC Lewis, as principal ("Bonds"). A true and correct copy of the two bonds issued by USFIC are attached hereto as ***Exhibit "B"*** and fully incorporated herein for all purposes.

13. In early January 2024, USFIC received a notice of claim from Alexander Electric, Inc. regarding JC Lewis' inability to perform or meet its obligations under the projects that were covered by the Bonds and the Indemnity Agreement and requesting payment of the principal sum of $291,685.70 plus $35,180.30 in retainage.

14. Subsequently, on April 18, 2024, Alexander Electric, Inc. filed suit against JC Lewis and USFIC in the case styled *Alexander Electric, Inc. v. J.C. Lewis Construction, LLC and United States Fire Insurance Company*; Cause No. CV-00227-24-04, In the 159th Judicial District of Angelina County, Texas seeking the aforementioned damages, plus interest, costs and attorney's fees.

15. As a result of the Claims against the Bonds, USFIC was forced to retain counsel and has incurred and will continue to incur attorneys' fees and costs that were solely incurred as a result of the claims against the Bonds. Moreover, USFIC has incurred and will continue to incur additional attorneys' fees and costs in prosecuting this action for indemnity against the Indemnitors.

16. Although USFIC's losses, costs, and expenses are unknown and continue to accrue, USFIC anticipates such losses, costs, and expenses to be in excess of $400,000.00 (the "Anticipated Loss").

17. USFIC was forced to file this Complaint and has incurred and will continue to incur losses, attorneys' fees, expert fees, consultant fees, costs, and expenses that have solely been incurred as a result of having been surety on the Bonds.

18. All conditions precedent to recovery by USFIC from the Indemnitors have occurred or have been performed.

### IV.   CAUSES OF ACTION

*Count I*
*Specific Performance – Collateral Security and Access to Books and Records*

19. USFIC incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

20. Despite the explicit and unambiguous language of the Indemnity Agreement and the written demand letters from USFIC, the Indemnitors have refused to perform or honor its specific obligations to indemnify, exonerate, and/or collateralize USFIC.

21. USFIC issued written demands to the Indemnitors on June 10, 2024, notifying the Indemnitors that USFIC was aware of information regarding JC Lewis' financial condition that

exposed USFIC to liability under the Bonds and demanding that the Indemnitors adhere to their collateral security requirements contractually agreed to in the Indemnity Agreement.

22. The explicit and unambiguous language of the Indemnity Agreement afforded USFIC with unconditional rights and imposed specific obligations on the Indemnitors, simply upon demand, to exonerate and/or collateralize USFIC under the Claims on the Bonds.

23. The Indemnitors have refused to perform their specific obligations to exonerate USFIC under the Bonds and/or to post collateral to secure all potential Loss of USFIC in connection with the Bonds.

24. As a result of the claim, USFIC has "continuous and uninterrupted access to the books, records, accounts and non-consumer and consumer credit reports of the Indemnitors;" however, the Indemnitors have not provided USFIC with such access.

25. For these reasons, USFIC is entitled to specific performance by the Indemnitors of the provisions of the Indemnity Agreement relating to its specific obligations to procure the complete discharge of USFIC under the Bonds, to post collateral to secure all potential Loss of USFIC in connection with the Bonds, to provide USFIC with complete and unrestricted access to the Indemnitors' books and records, and/or in the enforcement of the Indemnity Agreement.

26. Based on the failure of the Indemnitors to perform its contractual obligations, USFIC is entitled to judgment from this Court, compelling the Indemnitors, each jointly and severally, (a) to perform its specific obligations, which the Indemnitors are specifically obligated to perform under the Indemnity Agreement, (b) to fully exonerate USFIC under the Bonds, (c) to provide collateral to USFIC in an amount sufficient to discharge any Loss of USFIC, and (d) to provide USFIC with full access to the Indemnitors books and records.

### Count II
### Breach of Indemnity Agreement

27. USFIC incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

28. The Indemnitors owed USFIC contractual obligations arising out of the Indemnity Agreement.

29. Indemnitors have failed, delayed, refused, or otherwise been unable to fully and satisfactorily perform their contractual obligations and/or discharge indebtedness arising under various construction contracts resulting in the Claims on the Bonds. The Indemnitors' failures and material breaches have resulted in direct and indirect Loss to USFIC.

30. USFIC has incurred damages as a result of Indemnitors' actions and inactions in that, as of the date of this filing, USFIC has Incurred Loss and Anticipated Loss, and continues to incur Loss, as a result of issuance of the Bonds.

31. Under the general provisions of the Indemnity Agreement the obligations of the Indemnitors hereunder are joint and several." (*Exhibit "A"*, p. 2). The Indemnity Agreement defined Loss broadly to include all "demands, liabilities, losses, costs, damages and expenses of any kind or nature, including legal fees and expenses, court costs, technical, engineering, accounting, consultant, expert witness and/or all other professional fees and expenses, including the costs of in-house professionals, which Company incurs, or to which it may be exposed, in connection with any Bond or this Agreement." (*Exhibit "A"*, p. 2).

32. Under the provision titled Discharge and Collateral Security, the Indemnitors are agreed "that any and all bonds issued by USFIC shall be secured by collateral. In lieu of requiring collateral upon issuance of any bonds, however, the Indemnitors agree to post collateral upon demand by USFIC" (*Exhibit "A"*, p. 5).

33. Pursuant to the Indemnity Agreement, on June 10, 2024, USFIC demanded that the Indemnitors post collateral.

34. Despite USFIC's demand, to date, the Indemnitors have failed and/or refused to exonerate, collateralize, and indemnify USFIC or to otherwise pay USFIC an amount sufficient to discharge the Loss or Claims against USFIC from having issued the Bonds.

35. The failure of the Indemnitors to deposit the demanded collateral with USFIC constitutes a material breach of the Indemnity Agreement. Further, the failure of the Indemnitors to exonerate, indemnify, and save harmless USFIC from the Claims constitutes a material breach of the Indemnity Agreement. Each of these failures by the Indemnitors constitutes a Default under the Event of Default provision of the Indemnity Agreement. The wrongful acts of the Indemnitors constitute independent material breaches of the Indemnity Agreement, resulting in damages to USFIC. (*Exhibit "A"*).

36. Under the Indemnity Agreement, the Indemnitors are jointly and severally liable to USFIC for all of USFIC's Loss, including attorney's fees, in connection with claims on the Bonds. (*Exhibit "A"*).

37. USFIC is therefore entitled to payment by the Indemnitors for all of USFIC's Loss resulting from issuance of the Bonds.

### Count III
### *Recovery of Attorneys' Fees and Expenses*

38. USFIC incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

39. USFIC is entitled to recover its attorneys' fees, interest, and expenses from the Indemnitors as provided in the Indemnity Agreement and applicable law. TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*

40. Further, USFIC is entitled to pre-judgment and post-judgment interest at the maximum rate permitted by law. (***Exhibit "A"***, p. 2).

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, United States Fire Insurance Company respectfully requests that Defendants J.C. Lewis Construction LLC, JBAE Holdings, LLC, E & A Design Build, LLC, Jerry C. Lewis and Brandy Lewis be cited to appear and answer herein and, upon final trial thereof, that United States Fire Insurance Company receive:

1. The specific performance relief described herein against Defendants J.C. Lewis Construction LLC, JBAE Holdings, LLC, E & A Design Build, LLC, Jerry C. Lewis and Brandy Lewis, jointly and severally, compelling them to (a) perform their specific obligations under the Indemnity Agreement, (b) fully exonerate the United States Fire Insurance Company under the Bonds, (c) provide collateral to United States Fire Insurance Company in an amount sufficient to discharge any Loss of the Surety in the sum of $400,000.00 plus additional funds necessary to secure the loss, costs, expenses, court cost, counsel fees expended and/or to be expended as necessary in order to enforce the Indemnity Agreement, and (d) provide United States Fire Insurance Company with full access to the Indemnitors' books and records;

2. Judgment against Defendants J.C. Lewis Construction LLC, JBAE Holdings, LLC, E & A Design Build, LLC, Jerry C. Lewis and Brandy Lewis, jointly and severally, for amounts necessary to indemnify and exonerate United States Fire Insurance Company from all liability asserted against it;

3. Pre-judgment and post judgment interest at the maximum rate permissible at law or in equity;

4. Costs of this suit and attorneys' fees; and

5. Such other and further relief to which the United States Fire Insurance Company is justly entitled.

DATED: June 20, 2024

                                    Respectfully submitted,

                                    **DRY LAW, PLLC**

                                    By: */s/ Ryan D. Dry*
                                        Ryan D. Dry
                                        State Bar No. 24050532
                                        Michael Perez
                                        State Bar No. 24032950
                                        909 18th Street
                                        Plano, TX 75074
                                        (972) 797-9510 Tele/Fax
                                        rdry@drylaw.com
                                        mperez@drylaw.com

                                    **ATTORNEYS FOR PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY**